United States District Court
for the
Southern District of Florida

| | |
|---|---|
| The Four Ambassadors Master Association, Inc. and others, Plaintiffs, | )<br>)<br>) |
| v. | ) Civil Action No. 20-22047-Civ-Scola<br>) |
| Seneca Insurance Company, Inc., Defendant. | )<br>)<br>) |

## Order on Motion to Dismiss

This matter is before the Court upon the Defendant's motion to dismiss the Plaintiffs' amended consolidated complaint. For the reasons set forth below, the Court **denies** the Defendant's motion. (**ECF No. 31**.)

### 1. Background

In this declaratory judgment action, Plaintiffs The Four Ambassadors Master Association, Inc.; The Four Ambassadors Association Inc.; Gary Goldbloom; and Southern Skyway Property, Inc. seek a declaration from the Court that the Defendant, Seneca Insurance Company, Inc. is estopped from refusing to indemnify the Plaintiffs for losses and certain litigation costs incurred by the Plaintiffs in *Vice City Marina LLC v. Gary Goldbloom, et al.*, Case No. 2016-002905 CA 01 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "Vice City Marina Case").

The instant dispute spins out of a related litigation that began in 2013, *Brickell Bay Entm't Co. et al. v. Southern Skyway Property, Inc., et al.*, Case No. 13-13200 CA 40 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "Brickell Bay Litigation"). (ECF No. 30, at ¶ 17.) The Brickell Bay Litigation involved "certain rights and interests relative to the Four Ambassadors Condominium, including rights to build a fifth phase of construction . . . , and the rights to operate the marina next to the property." (ECF No. 30-3, at 2.) Seneca provided a defense for Goldbloom and Southern Skyway in the Brickell Bay Litigation under a reservation of rights letter dated June 14, 2013, pursuant to a commercial general liability insurance policy ("CGL") bearing the number SCC- 2042394. (ECF No. 30, at ¶ 19-20). Seneca also provided a defense for The Four Ambassadors Master Association, Inc. and the Four Ambassadors Association Inc. (together, the "Associations") as additional insureds under the same policy, but allegedly did not provide the Associations with their own reservation of rights letter. (ECF No. 30, at ¶ 21.)

The Brickell Bay Litigation was settled in 2015 when Plaintiffs Goldbloom and Southern Skyway entered into a purported oral contract with Vice City Marina LLC, who was otherwise not a party to the Brickell Bay Litigation. The Associations were not involved in the agreement between Goldbloom, Southern Skyway and Vice City Marina. The agreement between these parties involved a proposed global settlement of the Brickell Bay Litigation which would result in the dismissal of the lawsuit, payment of money from Vice City Marina to the plaintiffs and defendants, and Vice City Marina's receipt of the phase five rights and rights to operate the marina at the Four Ambassadors Condominium. (ECF No. 30-3, at 2.) After an agreement in principle was reached, the Plaintiffs (who were the defendants in the Brickell Bay Litigation) attempted to back out of their agreement with Vice City Marina.

The Vice City Marina Case at the heart of the instant dispute was filed on February 5, 2016 by Vice City Marina against Goldbloom, Southern Skyway, and the Associations and sought to enforce the agreement that resulted in the settlement and dismissal of the Brickell Bay Litigation. Seneca provided a defense to Goldbloom, Southern Skyway, and the Associations in the Vice City Marina Case, though apparently never issued a new reservation of rights letter to the Plaintiffs. (ECF No. 30, at ¶ 22.) That same day, Vice City Marina also brought a separate suit against the Associations in a case styled *Vice City Marina LLC v. The Four Ambassadors Master Association, Inc., et al.,* Case No. 2016-002954 CA 01 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "Vice City v. Associations Case"). The parties did not make clear the difference between the Vice City Marina Case and the Vice City v. Associations Case. Seneca also defended the Associations in this second case, but the Plaintiffs claim did not issue a reservation of rights letter.

The Plaintiffs defended themselves in both of these cases through insurance-appointed counsel. (ECF No. 30, at ¶ 25.) On March 15, 2018, the Court entered a final judgment against the Plaintiffs in the Vice City Marina Case, which required the Plaintiffs, including the Associations, to specifically perform under the oral contract entered into by Goldbloom and Southern Skyway that related to the Brickell Bay Litigation. (ECF No. 30, at ¶ 28-29.) The Plaintiffs moved for rehearing, but ultimately lost on their motion after the Court found the defenses the Plaintiffs tried to raise had been waived as they had not been raised by their counsel at trial. (ECF No. 30, at ¶ 31-32.) The Plaintiffs then appealed, but the appellate court affirmed the trial court's decisions. (ECF No. 30, at ¶ 33.)

On February 27, 2020, days after the appellate court issued its mandate in the Vice City Marina Case, Seneca sent Goldman and Southern Skyway a letter with the subject line "*Vice City Marina, LLC v. Four Ambassadors Master*

*Association, et al.*" which the Plaintiffs claim related to the Vice City v. Associations Case and not the Vice City Marina Case. In the letter Seneca stated it had been providing a defense under a "reservation of rights" and "has no obligation to indemnify the Insureds." (ECF No. 30, at ¶ 39-40.) The letter also stated "a final judgment has been entered in the above lawsuit against the Insureds, and the only remaining issue is the amount of attorney's fees that the Plaintiff is entitled to." (ECF No. 30, at ¶ 42.) Finally, the letter stated "[a]s explained in our previous letters, Seneca has no obligation to indemnify the Insureds in connection with the damages sought in the underlying lawsuit." (ECF No. 30, at ¶ 44.) The Plaintiffs argue this letter made little to no sense as neither Goldbloom nor Southern Skyway were parties to the Vice City v. Associations Case. The Associations claims it only learned of the 2013 reservation of rights letter after Goldbloom and Southern Skyway received the February 27, 2020 letter from Seneca. (ECF No. 30, at ¶ 50.) Ultimately, the parties in the Vice City Marina Case settled the issue of costs and attorney's fees for $425,000.00 which Seneca states it has no responsibility to cover. (ECF No. 30, at ¶ 34-37.)

The Plaintiffs have now filed the instant declaratory judgment action asking the Court to find that Seneca is estopped from denying coverage with respect to the Vice City Marina Case. The Plaintiffs stated they were prejudiced by their reliance on Seneca's actions as they would have conducted the litigation differently had they known Seneca was providing its defense under a reservation of rights. The Defendant argues that the Court must dismiss the Plaintiff's claim for declaratory judgment because there is no "substantial controversy between Plaintiffs and Seneca" and therefore the Court cannot issue a declaratory judgment pursuant to 28 U.S.C. § 2201.

## 2. Legal Standard

### A. Motion to Dismiss

When considering a motion to dismiss under Federal Rule 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Federal Rule 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

In applying the Supreme Court's directives in *Twombly* and *Iqbal*, the Eleventh Circuit has provided the following guidance to the district courts:

> In considering a motion to dismiss, a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Further, courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.

*Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (citations omitted). "This is a stricter standard than the Supreme Court described in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that a complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto*, 413 F. App'x at 138.

### B. Declaratory Judgment Act, 8 U.S.C. § 2201

The Declaratory Judgment Act is an "all-purpose remedy, designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy and an adjudication would serve a useful purpose." *AquaDry Plus Corp. v. Rockhill Ins. Co.*, No. 19-62331-Civ, 2020 WL 927440 (S.D. Fla. Feb. 26, 2020) (Scola, J.). The Act gives federal courts "competence to make a declaration of rights" but "did not impose a duty to do so." *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). The only relevant inquiry in a motion to dismiss a declaratory judgment action is whether or not the plaintiff is entitled to a declaration of rights. *550 Seabreeze Dev., LLC v. Ill. Union Ins. Co.*, 19-24611-Civ, 2020 WL 473610, at *2 (S.D. Fla. Jan. 29, 2020) (Scola, J.). Claims for declaratory judgment "must look forward, rather than backward, as any retrospective declaratory judgment would be equally solved by resolution" of a breach of contract claim. *Id.* In order to demonstrate that a case or controversy exists to meet the case or controversy requirements under Article III, "a plaintiff must allege facts from which it appears there is a

substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346-47 (11th Cir. 1999). Accordingly, a dispute must be definite and concrete, touching the legal relations of parties having adverse legal interests, "[a]s distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Maxum Indem. Co. v. I.T.A. Sec. Servs., Inc.*, 2014 WL 12862522, at *2 (S.D. Fla. July 24, 2014) (Goodman, Mag. J.) (internal quotations omitted).

### C. Duty to Defend and Indemnify

Under Florida law, an insurer's duty to defend an insured "'depends *solely* on the facts and legal theories alleged in the pleadings and claims against the insured.'" *Steadfast Ins. Co. v. Celebration Source, Inc.*, 240 F. Supp. 3d 1295, 1302-03 (S.D. Fla. 2017) (Scola, J.) (emphasis in original) (quoting *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014)). Accordingly, if the pleaded facts do not fall within a policy's coverage, there is no duty to defend. *Id.* at 1303. To make a determination as to the insurer's duty to defend, the Court must apply the language of the policy to the facts of the underlying complaint. *Id.* Any doubts regarding the duty to defend must be resolved in favor of the insured. *Jones v. Fl. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 443 (Fla. 2005).

Unlike the duty to defend, "'which is generally triggered by the allegations in the underlying complaint, an insurance company's duty to indemnify an insured party is narrower and is determined by the underlying facts adduced at trial or developed through discovery during the litigation.'" *Health First, Inc. v. Capitol Ins. Corp.*, 747 F. App'x 744, 749 (11th Cir. 2018). While the duty to defend arises as soon as a relevant claim is made based on the facts and legal theories alleged in the pleadings, the duty to indemnify is based on the actual facts, not only those that were alleged in the complaint. *Id.* As the duty to defend is broader than the duty to indemnify, "Florida Courts have recognized that a duty to indemnify cannot exist if there is no duty to defend." *Id.* at 750.

### 3. Analysis

Seneca argues in its motion to dismiss that because the Plaintiffs settled the issue of fees between the Plaintiffs and Vice City Marina in the Vice City Marina Case on October 5, 2020, there is no longer a live case or controversy at issue between the parties. Seneca goes on to argue that the Court therefore lacks jurisdiction to enter a declaratory judgment finding Seneca has a responsibility to "indemnify the Plaintiffs for alleged losses that they claim have already incurred." (ECF No. 31, at 2.) While the Court acknowledges that the underlying litigations appear to have concluded and the issue of fees and costs

as between Plaintiffs and Vice City Marina have been settled, the issue of whether Seneca has responsibility to indemnify the Plaintiffs for certain of those fees and other defense costs has not been resolved.

There is no bright line test for determining whether a case presents a live "case or controversy," sufficient for adjudication. *Clarendon Nat'l Ins. Co. v. Vickers*, No. 05-60805-Civ, 2006 WL 8434796, at *4 (S.D. Fla. May 25, 2006) (Moreno, J.) The question "in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *GTE Directories Publishing Corp. v. Trimen Am. Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995). It is clear from a review of the Plaintiffs' amended complaint that there is an actual controversy between the parties with respect to the question of whether Seneca has responsibility to indemnify the Plaintiffs for their losses in the Vice City Marina Case, including whether Seneca has any responsibility to indemnify the Plaintiffs for the $425,000.00 they owe to Vice City Marina for its fees and costs. The Court finds the instant dispute analogous to the dispute before the Court in *Clarendon* where the Court considered whether there was a live case or controversy in a declaratory judgment action between an insurer and its insured relating to indemnification of $800,000.00 in attorney's fees and costs where the underlying litigation had been disposed of via settlement. As here, the Court in *Clarendon* found that "[i]n light of that demand, it is clear that a viable controversy exists before this court." *Clarendon*, 2006 WL 84334796, at *4.

### 4. Conclusion

For the reasons stated above, the Court **denies** the Defendant's motion to dismiss. (**ECF No. 31**.)

**Done and ordered**, in Miami, Florida, on February 1, 2021.

Robert N. Scola, Jr.
United States District Judge